**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005313
31-JUL-2015
07:48 AM**

CAAP-13-0005313

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SCOTT B. SMITH, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 13-1-0008(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Fujise, JJ.)

Petitioner-Appellant Scott Brian Smith (**Smith**) appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief (**Order Denying Relief**), filed on November 7, 2013, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On November 20, 2002, Smith was convicted of Assault in the First Degree, Terroristic Threatening in the First Degree, four counts of Sexual Assault in the First Degree, Kidnapping, and Use or Threatened Use of a Deadly or Dangerous Weapon While Engaged in the Commission of a Crime. State v. Smith, 106 Hawai'i 365, 368-69, 105 P.3d 242, 245-46 (App. 2004), cert. denied, 106 Hawai'i 477, 106 P.3d 1120 (2005).

On direct appeal, Smith argued, *inter alia*, that there was insufficient evidence to support his convictions for sexual

_____

[1] The Honorable Peter T. Cahill presided.

assault and that he received ineffective assistance of counsel. Id. Smith also argued that "if he had sexual intercourse with the CW and ejaculated in her as the CW alleged, the vaginal sample would have contained DNA from his spermatozoa. . . . [G]iven the absence of his DNA in the vaginal sample, no reasonable jury could have found sufficient evidence to convict him of the sexual assaults." Id. at 373, 105 P.3d at 250 (footnote omitted). This court noted that Smith had made this argument to the jury and the jury rejected it based on its assessment of the trial evidence. Id.

Another ground that Smith advanced in his direct appeal was that his trial attorney was ineffective for failing to timely submit a list of trial witnesses, resulting in four witnesses being excluded from testifying. Id. at 377, 105 P.3d at 254. The four witnesses in question were Smith's family members. Id. Prior to jury selection, the State objected to the four witnesses on Smith's witness list because it had not received discovery about them. Id. The Circuit Court excluded the four witnesses after Smith's counsel stated that he was not going to call them at trial. Id. However, the Circuit Court also stated that the ruling would be subject to reevaluation based on developments at trial. Id. Thereafter, Smith did not seek to call his four family members during trial. Id. This court found that Smith's trial counsel made a strategic decision not to call Smith's family members as witnesses and their failure to testify was not the result of a late filing of the witness list. Id. This court affirmed Smith's convictions. Id. at 380, 105 P.3d at 257.

On July 29, 2013, Smith filed a Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody (Petition). Smith stated seven grounds for relief in his Petition: denial of the right to an impartial judge; ineffective assistance of trial counsel; ineffective assistance of counsel at sentencing; ineffective assistance of appellate counsel; violation of discovery and access to evidence; jury tampering; and erroneous jury instructions regarding reasonable doubt.

On November 7, 2013, the Circuit Court entered the Order Denying Relief.

Smith's Opening Brief is non-compliant with Hawai'i Rules of Appellate Procedure Rule 28. It appears, however, that Smith contends that DNA evidence presented at trial conclusively excluded him as the source of a vaginal sample from the complaining witness (CW), thus, he was not guilty of sexual assault. Smith also states: "It is impossible my trial attorney had no witness, no evidence, at trial. He waived several things that could have declared a mistrial like jury tampering by prosecution in all the transcript." In his Reply Brief, Smith also claims that his trial attorney had his witness list thrown out because he filed it late. Smith also contends that he did not receive a fair trial and that the trial judge was biased by failing to exclude jurors when it was revealed that a witness knew some jurors. Lastly, Smith complains that his trial attorney did not appear when the verdict was delivered.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Smith's points of error as follows:

In his direct appeal, Smith claimed that the DNA testing showed that his DNA was not present. Smith now claims that testing showed that he could not have sexually assaulted the CW. This claim was effectively raised and ruled upon by this court in Smith's direct appeal. See Smith, 106 Hawai'i at 373, 105 P.3d at 250. Therefore, Smith is not entitled to post-conviction relief on his DNA testing claim.

Smith also previously claimed that his trial counsel was ineffective in his direct appeal. Thus, the issue was previously raised and ruled upon by this court. Id. at 377-78, 105 P.3d at 254-55. Therefore, relief is not available pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP). HRPP Rule 40(a)(3). However, addressing Smith's new claims of ineffective assistance of counsel, the record does not reflect that he received ineffective assistance of trial counsel.

Contrary to Smith's assertion, the record reflects that his trial counsel called four witnesses and cross-examined each of the State's witnesses. This court also previously addressed Smith's claim regarding the late filing of his witness list by trial counsel. Smith, 106 Hawai'i at 377, 105 P.3d at 254.

Smith's claim regarding the lack of an impartial judge, jury tampering, failure to exclude jurors, and an unfair trial stem from the testimony of a witness, Darna Miguel (Miguel). The substance of Miguel's testimony was quite limited. She testified that there were three latent fingerprints recovered and she was asked to compare them to Smith's fingerprints. She testified that two of them were not identifiable and the third one, which was recovered from a tequila bottle, did not match Smith.

The next morning, at Smith's request, Smith's trial counsel alerted the Circuit Court that, after Miguel's testimony, Miguel notified the Deputy Prosecutor that she knew one or two jurors and Smith's brother alleged that Miguel gave the jurors the "high sign."[2] The Deputy Prosecutor stated that Miguel mentioned to her, after testifying, that she knew a couple of the jurors or that a couple of them knew her, but the Deputy Prosecutor did not remember anyone giving a high sign. The Deputy Prosecutor requested that individual jurors be questioned if it was going to be an issue. Smith's trial counsel responded: "I'm not interested in that to tell you the truth, your Honor." Smith's counsel further stated: "I don't see any problem. If anything, I thought her testimony was helpful to the defendant." The Circuit Court then stated: "I don't think its necessary to make any further inquiry then," and trial continued. Smith contends that the judge was not impartial because the judge stated at the beginning of trial that he would declare a mistrial if the witnesses knew the jurors. On this basis, Smith claims the trial was also lopsided and unfair.

_____

[2] We note that, although the transcript says "high," it could have been "hi," which is phonetically indistinguishable.

First, we note that, in his direct appeal, Smith relied upon the fact that his fingerprints were not found on a utility knife and tequila bottle, a fact established through Miguel's testimony, when he argued that there was insufficient evidence to convict him. Id. at 373, 105 P.3d at 250. This court noted that "Smith's trial counsel knew that the fingerprints found on the utility knife and tequila bottle did not match Smith's fingerprints." Id. Thus, Miguel's brief testimony cannot possibly be considered harmful, and in fact tended to be helpful to Smith, as his trial counsel claimed and as Smith argued on direct appeal. Although not claiming any prejudice, Smith implies that the Circuit Court should have removed the jurors who were familiar with Miguel and that failure to do so deprived him of a fair trial.

As the Hawai'i Supreme Court recently explicated, however, when the issue of an improper influence is raised, the proper procedure is: "(1) an initial determination that the outside influence is of a nature that could substantially prejudice a defendant's right to a fair trial and, once that general nature has been established, (2) an investigation of the totality of the circumstances." State v. Chin, No. SCWC-13-0002469, 2015 WL 3936962, slip op. at *19 (Haw. June 25, 2015) (citations omitted). If the outside influence presents a potential for substantial prejudice, there is a rebuttable presumption of prejudice. Id., slip op. at *27. In this case, where a witness gave limited testimony that cannot possibly be considered inculpatory, and rather tended to be exculpatory, the fact that the witness knew a couple of the jurors (or vice versa), is not an influence of a nature that could substantially prejudice the defendant's right to a fair trial.[3] Thus, we conclude that a further investigation (which was expressly disfavored by Smith's counsel due to the helpful nature of

---

[3] Assuming it took place, the alleged nonverbal wave of "hi" in the hallway after Miguel's testimony was trivial.

Miguel's testimony) was not necessary and Smith's contention is without merit.

Lastly, Smith asserts no resulting prejudice or denial of his rights when his trial counsel failed to appear when the verdict was delivered. The record indicates that on June 20, 2001, Smith's trial counsel appeared by telephone twice in connection with two separate questions from the jury. At that time, Smith's trial counsel informed the Circuit Court that he would be in court at 1:30 that day but he was available by telephone and another attorney, David Sereno (**Sereno**), was available. The record does not indicate the time that the jury returned the verdict, but the case was recalled and Sereno made a special appearance for Smith's trial counsel. Smith does not claim that Sereno provided ineffective assistance of counsel during his special appearance. Smith's request for relief based on Sereno's appearance is without merit.

Accordingly, we conclude that all of Smith's claims on appeal from the Order Denying Relief were either previously raised and ruled upon or are without merit. Therefore, the Circuit Court's November 7, 2013 Order Denying Relief is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2015.

On the briefs:

Scott B. Smith
Petitioner-Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge